UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-9142 PA (RAOx) | Date | April 17, 2018 |
|---|---|---|---|
| Title | Richard Powell v. Kang Chau, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS—ORDER

Plaintiff Richard Powell ("Plaintiff") filed his complaint on December 21, 2017. (Docket No. 1.) On March 26, 2018, the Court ordered Plaintiff to show cause why this action should not be dismissed due to Plaintiff's apparent failure to timely serve defendant Kang Chau d/b/a Dennis Donuts ("Defendant"). (Docket No. 11.) In response, on April 4, 2018, Plaintiff filed a proof of service indicating that he had served Defendant on February 28, 2018. (Docket No. 12.) The Court then ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution, noting that defendants generally must respond to a complaint within 21 days of service but that time period appeared not to have been met here. (Docket No. 13.) The April 6 Order to Show Cause required Plaintiff to respond by April 13, 2018, and it warned Plaintiff that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Id.) To date, Plaintiff has not responded despite the passage of time in which to do so.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987-88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-9142 PA (RAOx) | Date | April 17, 2018 |
|---|---|---|---|
| Title | Richard Powell v. Kang Chau, et al. | | |

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Defendant may be prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642-43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale").

In considering the fourth and fifth Henderson factors, the Court finds that Plaintiff has not prosecuted this action with diligence. Additionally, the Court notes that Plaintiff was warned about the consequences of failing to respond to the Court's April 6 Order to Show Cause but has taken no action whatsoever. Finally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Taking all of the above factors into account, dismissal of this action for failure to prosecute or obey Court orders is appropriate. A dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, the Court cautioned Plaintiff about the possibility of dismissal in the Court's April 6 Order to Show Cause.

The Court finds that Plaintiff has abandoned this action. The Court therefore dismisses this action without prejudice as a result of Plaintiff's lack of prosecution and failure to comply with the Court's orders. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.